**SO ORDERED.**

**SIGNED this 21 day of June, 2011.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

PUBLISHED

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HUGH S. TESSENDORF, | ) | Case No. 10-12211 |
| CHERYL LYNN TESSENDORF, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Debtor Hugh Tessendorf filed his bankruptcy case on June 30, 2010.  Among his claimed

exemptions was a certificate of deposit with Met Life Bank in the amount of $15,300 (CD).[1]

Tessendorf acquired this CD in late 2008 with part of the proceeds of an insurance policy on the life

of his father.  At the father's death, the insurance proceeds were paid into a New York Life

---

[1]  According to the parties' stipulations the value of the CD at filing, with accrued interest, was $15,751.73.

-1-

Insurance Company investment account called the "Continued Interest Account."[2] These are the only funds ever deposited into that account. Tessendorf wrote a $15,000 check on that account to Met Life Bank to fund the CD. He claims the CD as exempt insurance benefits under KAN. STAT. ANN. § 40-414(a)(4). The Trustee timely objects. The parties stipulated to the facts as summarized, but did not supply the Court with a copy of the CD.[3]

Analysis

Kansas has opted out of the federal exemption scheme set out in 11 U.S.C. § 522(d).[4] Accordingly, the debtors may only avail themselves of Kansas state exemptions. The Trustee bears the burden to prove that the property sought is not exempt.[5] As noted above, the parties have submitted this matter on stipulations.

Kansas law exempts the proceeds of a life insurance policy, whether they be cash or surrender value in the hands of the insured or proceeds in the hands of the beneficiary. KAN. STAT. ANN. § 40-414(a)(4) expressly exempts the "beneficiary's interest" from any claims of his creditors. Kansas courts have long held that proceeds of an insurance policy in the hands of a beneficiary or deposited in the beneficiary's bank account retain their exempt character.[6] Although the insurance

---

[2] The stipulations describe this account as an interest bearing checking account. *See* Dkt. 30, ¶ 10.

[3] Dkt. 30. The Trustee Carl Davis appears on his own behalf. Debtor appears by William Zimmerman. This is a core proceeding over which the Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(1), (b)(2)(B), and 1334(b).

[4] KAN. STAT. ANN. § 60-2312(a) (2005).

[5] Fed. R. Bankr. P. 4003(c).

[6] *Emmert v. Schmidt*, 65 Kan. 31, 68 P. 1072 (1902) (proceeds of insurance deposited in beneficiary's bank exempt from garnishment by judgment creditor).

-2-

exemption statute has been amended from time to time since 1902, courts sitting in Kansas have continually held that proceeds held by beneficiaries remain exempt.[7]

Kansas courts have also concluded that otherwise non-exempt items of property that are acquired with life insurance proceeds lose their exempt character. In *Independence Savings & Loan Ass'n v. Sellars*, the debtor lost her insurance exemption when she invested the proceeds in stock in a savings and loan association.[8] The Kansas Supreme Court differentiated between a mere deposit in the institution and actually investing it in equity, making the stock she purchased liable to her creditors' claims. Likewise, in the earlier case of *Pefly v. Reynolds*, the court held that a tract of land purchased by the debtor with exempt insurance proceeds did not retain the exempt character of the proceeds if the land itself was not otherwise exempt.[9]

This Court has previously held that a debtor who invested the proceeds of her husband's life insurance in an annuity contract could not claim the contract exempt because Kansas law does not afford annuitants the same protection that it does beneficiaries.[10] This holding was based on two grounds: first, that annuities are not "insurance" because annuities are purchased rights to receive fixed or periodic payments as opposed to the right to receive a sum certain at the death of the insured; and second, that property purchased with the proceeds of an exempt insurance policy does not retain that policy's exempt character.[11] The Trustee here relies on *Houser* to argue that

---

[7]  *See In re Douglas*, 59 B.R. 836 (Bankr. D. Kan. 1986).

[8]  149 Kan. 652, 88 P.2d 1059 (1939).

[9]  115 Kan. 105, 222 P. 121 (1924).

[10]  *See In re Houser*, 2004 WL 2192603 (Bankr. D. Kan. Feb. 25, 2004).

[11]  *Id.* at *2, *citing Sellars* and *Pefly*, *supra.*

-3-

Tessendorf's CD is an investment as was the annuity in *Houser* and, as such, is no longer exempt.

Thus, this case turns on the nature of the CD and whether it represents some sort of investment, like an annuity, or whether it is simply a deposit. The Court first notes that the *Emmert* court concluded that the act of depositing the insurance benefit does not operate to strip it of its exempt character. Indeed, in dicta in *Pefly*, the court stated –

> Where one deposits money in a bank the relation established is of course that of debtor and creditor, the title to the specific currency passing. Technically the transaction may be considered as an investment of the cash in a demand against the bank, by which its form is changed; but in a practical sense the depositor is regarded as retaining the control of the money, just as one who deposits in a bank the money of others intrusted to his keeping is not treated as having converted it.[12]

*Emmert* dealt with an ordinary deposit account.

As noted above, the Court was not supplied with the actual certificate of deposit issued by Met Life in this case so it cannot know what the terms of repayment are or whether other legal conditions have been imposed on the deposit. The statement of account supplied with the stipulations describes the CD as a renewable 12-month obligation of the bank.[13] The debtors rely on the FDIC's definition of a CD as "a deposit type, not an account ownership category."

Certificates of deposit are negotiable instruments.[14] No Kansas appellate court has addressed whether depositing exempt life insurance proceeds in a CD affects the exempt character of the proceeds, but the Kansas Supreme Court has considered whether a deposit of otherwise exempt funds in a CD divests the exemption in *Decker & Mattison Co. v. Wilson.* There, the Kansas

_____

[12] 115 Kan. at 121 (citations omitted).

[13] The stipulations state that the CD is renewable annually and that debtor has in fact renewed the CD each year since it was acquired. *See* Dkt. 30, ¶ 13 and Ex. A attached thereto.

[14] KAN. STAT. ANN. § 84-3-104(j) (2010 Supp.) .

-4-

Supreme Court held that acquiring a certificate of deposit with the proceeds of a worker's compensation award did not change the exempt character of the award.[15]  In *Decker & Mattison*, the court dealt with a judgment debtor who received a lump sum compensation award and deposited it into a savings account that was thereafter converted to a CD.  Concluding that the funds were readily identifiable to the exempt award, the court opined that "...it is evident that money which has been converted into a CD retains the quality of money such that an exemption which originally protected the money will protect the certificate as well."[16]  Certificates of deposit are "normal modes adopted by the community" for safekeeping funds, not "permanent investments which have lost the quality of money."[17]  This Court sees no distinction between exempt life insurance proceeds and exempt worker's compensation benefits that would warrant different treatment of the former when used to acquire a CD.

Accordingly, this Court predicts that the Kansas appellate courts would find that a certificate of deposit that is identifiable to and consists solely of exempt insurance proceeds retains the proceeds' exempt character.  The Court notes the above-quoted passage from *Pefly* which points out that even though a deposit creates an obligation of the bank to repay funds that may not be the identical specie deposited by the beneficiary, the depositor still retains some control over the funds.

---

[15]  273 Kan. 402, 44 P.3d 341 (2002).  Worker compensation awards are exempt under KAN. STAT. ANN. § 44-514(a) (2000) and KAN. STAT. ANN. § 60-2313(a)(3) (2005).

[16]  *Id*. at 409.

[17]  *Id*., citing *E.W. v. Hall*, 260 Kan. 99, 917 P.2d 854 (1996) (Federally-exempt social security benefits deposited in a CD or savings account retain their exempt status) and *Porter v. Aetna Casualty Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962) (Attachment of VA benefits deposited in a savings and loan account barred as such deposits "retained the quality of monies").  *See also In re Delgado*, 967 F.2d 1466 (10th Cir. 1992) (creditor's security interest in debtor's certificate of deposit representing proceeds from a lump sum worker's compensation settlement was unenforceable under K.S.A. 44-514).

Likewise, a depositor who receives in exchange for her deposit a CD, retains the right to the return of the deposited funds, plus accrued interest, on a date certain.

This Court's opinion in *Houser* does not direct a different outcome. Acquiring a certificate of deposit is very different from buying an annuity. The holder of a CD retains the right to recover an amount of money equal to what was deposited plus accrued interest. An annuitant retains only the right to the periodic payment and, usually, surrenders any right to the return of the underlying investment. An annuity is not a negotiable instrument.[18]

The parties have stipulated that the proceeds of the life insurance benefit remain identifiable in the CD. Nothing has occurred that would disturb their exempt character. The Trustee has not demonstrated that the debtor should not receive the benefit of the exemption. The Trustee's objection to the debtor's exemption of the life insurance benefits represented by the CD is OVERRULED.

# # #

---

[18] *See NationsBank of North Carolina, N.A. v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 259, 115 S. Ct. 810, 130 L.Ed. 2d 740 (1995) (describing annuity contracts as investment products, not insurance); *In re Stutterheim,* 109 B.R. 1006, 1008 (Bankr. D. Kan. 1988), *aff'd* 109 B.R. 1010 (D. Kan. 1989) (annuity contract is an investment vehicle).